(No. 76-CC-0271—

FELTON PECK, Claimant, *v*. STATE OF ILLINOIS, Respondent.

*Opinion filed March 2, 1979.*

CATHLEEN COHEN and JAN KELEHER, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POLOS, C.J.

Claimant, an inmate of an Illinois correctional facility, has brought this action to recover the value of certain items of personal property which he alleges were lost during his incarceration as a result of negligence by employees of the State of Illinois.

In April, 1974, Claimant was transferred from the Stateville Correctional Center to the Cook County Court Building. Prior to his transfer, Stateville authorities took possession of all property in his cell. When Claimant was transferred back to Stateville in September, 1974, his property was not returned to him.

Claimant alleges that the items of property taken from him included a Smith-Corona typewriter, a photo book and pictures, his sweatshirt, one bar of soap, a pair of socks, bath towels, face towels, pens and postcards, all of which had a value of $154.55.

Claimant also contends that three manuscripts which he had written were also taken by Respondent and not returned to him. He values the manuscripts at $5,000.00, and bases the evaluation on a conversation he had with a representative from the Christian Science Monitor concerning publication of the manuscripts, and an estimate of the number of hours which he worked on them.

This Court has held that when the State takes actual physical possession of the property of an inmate, it must use reasonable care to protect that property and return it to the inmate . *Doubling v. State, 32 Ill. Ct. Cl. 1.* We have further held that where the fact of a bailment has been established, a presumption of negligence arises where the State has failed to return an inmate's property.

Claimant has shown by a preponderance of the evidence, that the State took actual physical possession of his property, and that it failed to return that property. The State has presented no evidence rebutting the presumption of negligence which arises in such circumstances.

We further find that Claimant has established the value of various items of his personal property at $154.55. We are unable, however, to award Claimant monetary damages for the loss of his manuscripts. The only testimony as to their value came from Claimant himself, and was based upon his own estimates of their worth. We do not feel that Claimant has established, by a preponderance of the evidence, the value of those manuscripts.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $154.55, in full satisfaction of his claim.